■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* WILLIE SHULER, Appellant.— Appeal by defendant from an amended judgment of the County Court, Nassau County, rendered October 31, 1968 upon a prior adjudication that he was a youthful offender, on a plea of guilty, which amended judgment (1) *inter alia* adjudged him guilty of violation of probation, upon his plea of guilty, and (2) certified him to the care and custody of the Narcotic Addiction Control Commission pursuant to section 209 of the Mental Hygiene Law. Amended judgment reversed, on the law and the facts; defendant's plea of guilty to the charge of violation of probation vacated; judgment of the County Court rendered September 29, 1967 and the sentence imposed thereunder reinstated; and case remitted to the County Court for further proceedings not inconsistent herewith and in accordance with the pertinent provisions of sections 208 *et seq.* of the Mental Hygiene Law (as amd. by L. 1969, ch. 809, eff. May 22, 1969). Our decisions with respect to the unconstitutionality of subdivision 3 of section 913-g, and section 913-h, of the Code of Criminal Procedure, insofar as they require a defendant to consent to a summary trial without a jury in order to render him eligible for youthful offender treatment (*People v. Michael A. C. [Anonymous],* 32 A D 2d 554; *People v. Jerome C. [Anonymous],* 32 A D 2d 840), do not affect the situation at bar where the guilty plea and the adjudication of defendant as a youthful offender occurred prior to May 20, 1968,

when *Duncan* v. *Louisiana* (391 U. S. 145), which was given prospective effect only, was decided (see *De Stefano* v. *Woods,* 392 U. S. 631; *People* v. *Ruiz,* 24 N Y 2d 926). Accordingly, the original judgment is not reversible on that ground. However, when defendant pleaded guilty of violating probation, the County Court had "reasonable cause to believe that the defendant * * * [was] a narcotic addict" (Mental Hygiene Law, § 208, subd. 1). The court therefore had the clear duty under that section to so notify defendant and afford him "an opportunity to admit, deny or stand mute with respect to the issue of whether he * * * [was or was] not a narcotic addict." In our opinion, defendant was not so notified; nor was he given an opportunity to contest the issue (see *People* v. *Levi,* 33 A D 2d). Under the circumstances, such omissions mandate a reversal and remission as above indicated. (See, also, *People* v. *Fuller,* 24 N Y 2d 292.) Christ, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.